UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>   v.<br><br>ELGIN HOGGARD,<br><br>        Defendant. | Case No. 19-cr-292 (JDB) |

MEMORANDUM IN AID OF SENTENCING

## Background

Mr. Elgin Hoggard has now been under community supervision for well over a year. Throughout that time, Mr. Hoggard has not had contact with law enforcement, has endeavored to maintain employment, and has done everything he can to continue fighting a disease that has haunted him for many years: addiction. Additionally, Mr. Hoggard has been diligent about maintaining contact with his supervision officer, had no issues with his curfew, and made sure he was compliant anytime he was placed on home detention.

Although the battle with substance abuse is not won overnight, there is little question that Mr. Hoggard has, and continues to, use all the resources that will help him break the destructive cycles of addiction. While on pretrial release, he participated in outpatient treatment and a twenty-eight day inpatient treatment program, which was followed up by thirty additional days of residential treatment. Recognizing that he needed additional support, Mr. Hoggard then voluntarily completed seventy-five days of intensive outpatient treatment.

Despite the pandemic and all the obstacles that have come with it, Mr. Hoggard has stayed connected to services and, importantly, his family. Specifically, his sister, Mary, and his grandchildren have provided an incredible support system for Mr. Hoggard on his path to recovery. Group meetings have also helped Mr. Hoggard stay on track.

Mr. Hoggard has plead guilty to a misdemeanor offense. He accepts responsibility and understands that his actions have not come without

consequences. He recognizes that this case has brought nothing but hurt to his family and stress and instability to his life. As a result of this, he has had to live with the stress of a federal criminal case for over a year—stress that has contributed to his problems with addiction. Additionally, not only did his arrest cost Mr. Hoggard his employment at an Aldi's Supermarket, he now lives under the constant threat of losing his government subsidized housing—the home that he has lived in for over a decade.

A sentence of time served takes into account all of these factors. It is a sentence that recognizes that Mr. Hoggard is already taking the steps to address the issues that brought him before this Court. It is also a sentence that allows him to fully put this chapter of his life behind him. Additional ties to the criminal justice system, under these circumstances, will do nothing to further the ends of justice.

## Discussion

In sentencing, the "Court's overarching duty" is to "'impose a sentence sufficient, but not greater than necessary,'" *Pepper v. United States*, 562 U.S. 476, 493 (2011) (quoting 18 U.S.C. § 3553(a)). To achieve this goal, the sentencing court must consider, among other things, the nature and circumstances of the offense, the history and characteristics of the person to be sentenced, and the United States Sentencing Guidelines. *Id.* § 3553(a)(1).

Mr. Hoggard comes before the Court having not had a criminal conviction in over twenty years. As explained above, with the exception of his battle with addiction, he has also been compliant with his supervision.

Mr. Hoggard's childhood was a difficult one. Growing up his family was unable to afford basic needs like running water and electricity. Losing his father at only nine years old meant that Mr. Hoggard's mother was left alone to raise him and his seven siblings. Making matters worse, their home caught fire shortly after his father's death. Things did not get any easier.

Despite this adversary, Mr. Hoggard pushed through, attended college and obtained his master's degree in educational media and technology. Sadly, like millions of Americans, Mr. Hoggard was a victim of the crack epidemic. He would spend many years trapped in the vicious cycles of drug addiction.

At 68 years old, however, Mr. Hoggard fully recognizes the devastation that comes with this disease. He is more determined than ever to get his life back on track. He is focused on his health and creating stability in his life. Despite some accidents in the past, he remains and avid cyclist and tries to be as active as possible. Staying active not only helps with his addiction, but also his physical health—especially with a painful condition in his legs that causes pooling in his veins. Mr. Hoggard is also focused on employment. After losing his job of two years and remaining unemployed for over a year, he was hired in October by WDC Solar, where he obtained training and worked on installing solar panels. Unfortunately, he was laid off in late December due to the COVID-19 pandemic.

Mr. Hoggard also cares about his mental health and understands the importance of staying connected to treatment, which includes regular communication with his psychiatrist.

3

Mr. Hoggard has demonstrated that he already has the tools for rehabilitation. He understands what the underlying issues are and is taking the steps to address them voluntarily. Additional contact with the criminal justice system—even if only in the form of supervision—will prolong the stress of an open criminal case that carries the constant threat of incarceration. Such an environment is not conducive to someone on the path to recovery. Indeed, in many occasions, it can have the opposite effect.

## Conclusion

For the foregoing reasons, and such other reasons as may be presented at the sentencing hearing, Mr. Hoggard respectfully requests that the Court impose a sentence of time served.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


 /s/
Jose A. German
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500

4